IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| Barbara Hensley, Individually and On Behalf: of All Others Similarly Situated, | CIVIL ACTION NO.: |
| : | |
| : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | JURY TRIAL DEMANDED |
| : | |
| EQUIFAX INC. and EQUIFAX : | |
| INFORMATION SERVICES LLC : | |
| : | |
| Defendants. : | |

_____

## CLASS ACTION COMPLAINT

Plaintiff Barbara Hensley ("Plaintiff"), on behalf of herself and all others similarly situated, brings this class action against EQUIFAX INC. and EQUIFAX INFORMATION SERVICES LLC ("Defendants") and respectfully alleges the following:

<u>NATURE OF ACTION</u>

1.      Plaintiff brings this class action suit on behalf of herself and all others similarly situated, to redress Defendants' failure to adequately safeguard personal identifying information and related data.

2.      This action arises from what may be one of the largest data security breaches ever to occur in the United States.

3.      As a result of this breach, Plaintiff and the millions of individuals whose sensitive personal data was made accessible now face substantial risk of further injury from identity theft, credit and reputational harm, false tax claims, or even extortion.

<u>PARTIES</u>

4.      Plaintiff Barbara Hensley ("Plaintiff") is a citizen of Pennsylvania and resides in Reading, Berks County, Pennsylvania.

5.      Defendant Equifax Inc. is a global consumer credit reporting agency incorporated in Georgia, with its principal place of business at 1500 Peachtree Street NW, Atlanta, Georgia.

6.      Equifax, along with Experian and TransUnion, is one of the three-largest credit-reporting firms in the United States ("U.S."). The company organizes

2

and analyzes data on more than 820 million consumers and more than 91 million businesses worldwide. Equifax's databases hold employee data submitted by more than 7,100 employers.

7.       Equifax Information Services LLC operates as a subsidiary of Equifax Inc. and collects and reports consumer information to financial institutions. Equifax Information Services LLC is incorporated in Georgia with its principal place of business at 1500 Peachtree Street NW, Atlanta, Georgia.

8.       Defendants do business nationwide, including in this District.

9.       Upon information and belief, the wrongful acts and/or decisions by Defendants leading to this data breach occurred nationwide and in this District.

## FACTUAL ALLEGATIONS

10.      On September 7, 2017, Defendants publicly disclosed a massive data security breach that affected approximately 143 million American consumers.

11.      According to Defendants, the attack was carried out from mid-May to July 2017.

12.      Defendants have stated that the cyberattack was discovered on July 29, 2017.  Even though it discovered the attack in July, and despite the breadth and severity of the release, Defendants waited approximately six weeks before publicly announcing the breach.

13.      Defendants admit that their U.S. website application had a security "vulnerability" that allowed third parties to access a vast amount of individual personal identifying information.

3

14.     As a result of Defendants' actions, the Social Security numbers, birth dates, addresses and even driver's license numbers of millions of U.S. consumers were released.  Hackers also gained access to credit-card numbers for approximately 209,000 consumers, as well as dispute records containing the personal identifying information of roughly 182,000 consumers.

15.     None of the individuals whose personal information was compromised authorized such access or disclosure by Defendants.

16.     Defendants themselves have stated that the data was accessed by – and therefore presumably is in the hands of – "criminals."

17.     Defendants purport to be sophisticated companies with "industry expertise" in handling "trusted unique data," including the highly sensitive personal information of individual consumers like Plaintiff.

18.     Despite these representations, Defendants have been sued, investigated, and fined multiple times in recent years for fundamental flaws in their systems that store and handle personal consumer credit information.

19.     After more than a month, Equifax established a website that allows U.S. consumers to determine whether their data may have been compromised and enroll in free credit monitoring.

20.     The website Equifax set up and directed consumers to use to check whether their personal information had been compromised was itself fraught with security risks.  The site has a flawed Transport Layer Security implementation, and runs on free blogging software unsuitable for secure applications.

21.     The site also asks consumers to provide their last name, as well as the last six digits of the social security numbers, without any assurance that that the information would be secure.  It fails to warn consumers to use a secure computer or encrypted network to transmit such sensitive information.

22.     In fact, the site appears to generate the same responses regardless of whether a consumer enters valid or fictional information.

23.     The site asks consumers to enroll in an Equifax product (TrustedID) that requires consumers to provide additional sensitive personal information.

24.     In order to use the TrustedID free credit monitoring, the site also asks consumers to waive certain legal rights via an inconspicuous arbitration clause.

25.     Upon information and belief, the wrongful acts and decisions made by Defendants leading to this data breach occurred nationwide and in this District.

## JURISDICTION

26.     This Court has original jurisdiction pursuant to 28 U.S.C.A. §1332(d)(2), in that the matter in controversy, exclusive of interest and costs, exceeds the sum of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendants.

27.     This Court has personal jurisdiction over Defendants because they conduct significant business in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and emanated from this District.

28.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to Plaintiff's and putative Class members'

claims occurred in this jurisdiction.  Defendants are authorized to do business in this District and are subject to personal jurisdiction in this District.

<u>CLASS ACTION ALLEGATIONS</u>

29.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

30.     The Class is defined as:

> *All United States residents whose personally identifiable information ("PII") was made accessible in the data breach Equifax announced on September 7, 2017.*

31.     Plaintiff brings her claims on behalf of the Class.

32.     Excluded from the Class are:

    a)     any Judge or Magistrate presiding over this action and members of their families;

    b)     Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees;

    c)     counsel for Plaintiff and Defendants;

    d)     persons who properly execute and file a timely request for exclusion from the Class;

    e)     the legal representatives, successors or assigns of any such excluded persons;

f)    all persons who have previously had claims finally adjudicated or who have released their claims against Defendants similar to those alleged herein; and

g)    any individual who contributed to the unauthorized access of Defendants' database.

33.    While the exact number and identities of the Class members are unknown at this time, and can only be ascertained through appropriate discovery, on information and belief, the Class is so numerous – over one hundred and forty three million (143,000,000) –that joinder of all Class members is impracticable.

34.    Defendants' wrongful conduct affected all of the Class members in precisely the same way, including:

a)    Defendants improperly stored consumers' personal information;

b)    Defendants failed to safeguard consumers' personal information;

c)    Defendants failed to immediately notify consumers of the breach or notify them directly as soon as practicable after discovering the breach; and

d)    Defendants failed to monitor and ensure compliance with pertinent Peripheral Component Interconnect ("PCI") data security standards, statutes and regulations.

35.     Questions of law and fact common to all Class members predominate over any questions affecting only individual Class members including, without limitation:

a)     Whether Defendants' owed a duty to Class members under federal or state law to protect their personal information, provide timely notice of unauthorized access to this information, and provide meaningful and fair redress;

b)     whether Defendants breached this duty;

c)     Whether Defendants acted wrongfully by improperly monitoring, storing and failing to properly safeguard consumers' personal information;

d)     whether Defendants knew, or reasonably should have known, about the deficiencies in their data storage systems;

e)     whether Defendants willfully failed to design, employ, and maintain a system adequate to protect consumers' personal information;

f)     whether representations that Defendants made about the security of their systems were false or misleading;

g)     whether Defendants' actions and omissions violated applicable state consumer protection laws;

h)      Whether Defendants' failures resulted in the breach at issue;

i)      Whether Defendants failed to properly and timely notify Plaintiff and Class members of the breach as soon as practical after it was discovered; and

j)      Whether Plaintiff and Class members have been damaged and, if so, the appropriate relief.

36.      Plaintiff's claims are typical of the claims of all Class members because such claims arise from the Defendants' wrongful conduct, as alleged above, pertaining to Plaintiff's and Class members' personal information.  Plaintiff has no interests antagonistic to the interests of the other Class members.

37.      Plaintiff will fairly and adequately represent and protect the interests of the Class members.  Plaintiff has retained competent counsel experienced in complex commercial litigation and class actions to represent her and the Class.

38.      This class action also provides a fair and efficient method for adjudicating the claims of Plaintiff and Class members for the following reasons:

a)      common questions of law and fact predominate over any question affecting any individual Class member;

b)      the prosecution of separate actions by individual Class members would likely create a risk of inconsistent or varying adjudications with respect to individual Class members, thereby establishing incompatible standards of

conduct for the Defendants and would allow some Class

members' claims to adversely affect the ability of other

Class members to protect their interests;

c)     Plaintiff anticipates no difficulty in the management of

this litigation as a class action; and

d)     The Class is readily definable.  Prosecution as a class

action will eliminate the possibility of repetitious

litigation while also providing redress for claims that may

be too small to support the expense of individual, complex

litigation.

39.     For these reasons, a class action is superior to other available methods

for the fair and efficient adjudication of this controversy.  Certification, therefore, is

appropriate under Rule 23(b)(1) or (b)(3) of the Federal Rules of Civil Procedure.


## CAUSES OF ACTION

### COUNT I
### VIOLATION OF FAIR CREDIT REPORTING ACT ("FCRA")

40.     Plaintiff incorporates by reference the allegations in the preceding

paragraphs as if fully set forth herein.

41.     Plaintiff and Class members are individual consumers within the

meaning of the FCRA, 15 U.S.C. § 1681a(c).

42.     The personal information at issue was a "consumer report" within the

meaning of the FCRA (15 U.S.C. § 1681a(d)) because the personal information was

a communication of information that bears on the credit worthiness, credit

standing, credit capacity, character, general reputation, personal characteristics, or

mode of living of Plaintiff and Class members that was expected to be used or

collected to serve as a factor in establishing Plaintiff's and Class members'

eligibility for credit.

43.      Defendants are consumer reporting agencies within the meaning of the

FCRA (15 U.S.C. § 1681e(a)) because they regularly engage, for monetary fees, in

assembling and evaluating consumer credit information and other consumer

information for the purpose of furnishing consumer reports to third parties, such as

banks, cell phone carriers, and other lenders and retailers.

44.      Under the FCRA, Defendants were required to maintain reasonable

procedures that are designed to limit the furnishing of consumer reports to six

circumstances ("purposes") identified at 15 U.S.C. § 1681b.

45.      Defendants violated the FCRA by furnishing the personal information

in various consumer reports to the unauthorized individuals or entities that

accessed the personal information through the Equifax website, because furnishing

consumer reports in such circumstances is not one of the permitted "purposes"

under the FCRA. In addition, Defendants failed to maintain reasonable

technological or other procedures designed to prevent such impermissible

furnishing of consumer reports.

46.      In view of Defendants' knowledge, experience, and expertise in

consumer data security, prior failures in their systems, and the fact that the breach

here was so vast, affected such core consumer information, and went on for so long without detection, it also is clear that Defendants acted willfully or recklessly in their failure to safeguard the personal information at issue here.

47.     Defendants' willful and reckless violations of the FCRA provided the means for third parties to access, obtain, and misuse the personal information of Plaintiff and Class members without authorization and for purposes not permitted by the FCRA.

48.     Defendants' violation of their duties under the FCRA constitutes a de facto injury to Plaintiff and Class members.  In addition, Defendants' violation of the FCRA has direct and proximately injured Plaintiff and Class members, including by foreseeably causing them to expend time and resources investigating the extent to which their personal information has been compromised, taking reasonable steps to minimize the extent to which the breach puts their credit, reputation, and finances at risk, and taking reasonable steps (now or in the future) to redress fraud, identity theft, and similarly foreseeable consequences of criminals obtaining the personal information.

49.     Pursuant to 15 U.S.C. § 1681n(a)(1)(A), Plaintiff and each of the Class members is entitled to recover actual damages, or statutory damages of not less than $100 and not more than $1,000 per affected consumer.

COUNT II
BREACH OF FIDUCIARY DUTY

50.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

51.       By virtue of their possession, custody and control of Plaintiff's and Class members' personal information, and their duty to properly monitor and safeguard it, Defendants were, and continue to be, in a confidential, special and fiduciary relationship with Plaintiff and Class members.  As fiduciaries, Defendants owed, and continue to owe, Plaintiff and Class members:

      a)       the commitment to deal fairly and honestly;

      b)       the duties of good faith and undivided loyalty; and

      c)       integrity of the strictest kind.

52.       Defendants were, and continue to be, obligated to exercise the highest degree of care in carrying out their responsibilities to Plaintiff and Class members under such confidential, special and fiduciary relationships.

53.       Defendants breached their fiduciary duties to Plaintiff and Class members by, *inter alia*, improperly storing, monitoring and safeguarding Plaintiff's and Class members' personal information.

54.       To the extent that Defendants are fiduciaries who did not breach the duties outlined above, Defendants are nonetheless liable because they had knowledge of the breaches of fiduciary duty committed by other fiduciaries, and did not make reasonable efforts under the circumstances to remedy such fiduciary breaches.

55.       To the extent that Defendants are not fiduciaries, Defendants are nonetheless liable because they engaged in transactions with a breaching fiduciary

13

under circumstances in which they knew, or should have known, about such

fiduciary breaches.

56.     Defendants breached their fiduciary duties to Plaintiff and Class

members by their wrongful actions described above. Defendants willfully and

wantonly breached their fiduciary duties to Plaintiff and Class members or, at the

very least, committed these breaches with conscious indifference and reckless

disregard of their rights and interests.

COUNT III
NEGLIGENCE

57.     Plaintiff incorporates each paragraph of this Complaint as if set forth

fully here, and further alleges as follows.

58.     Defendants were, and continue to be, in confidential, special and

fiduciary relationships with Plaintiff and Class members by virtue of being

entrusted with their personal information.  At the very least, therefore, Defendants

assumed a duty, and had duties imposed upon them by regulations, to use

reasonable care to keep Plaintiff's and Class members' information private and

secure, including a duty to comply with applicable PCI data security standards,

statutes and regulations.

59.     Defendants also had a duty to timely inform Plaintiff and Class

members of the breach and the fact that their personal information had been stolen

and compromised, and, upon learning of the breach, a duty to take immediate action

to protect Plaintiff and Class members from the foreseeable consequences of the

breach.  By their acts and omissions describes therein, Defendants unlawfully

breached their duty, and Plaintiff and Class members were harmed as a direct result.

60.     Defendants knew, or should have known, that their computer network for processing and storing consumers' personal information had security vulnerabilities.  Defendants were negligent by continuing to accept, process and store such information in light of these computer network vulnerabilities and the sensitivity of the personal information stored within.

61.     The breach, and the resulting damages suffered by Plaintiff and Class members, were the direct and proximate result of a number of actions and omissions, including but not limited to:

> a)     Defendants' improper retention and storage of Plaintiff's and Class members' personal information;
>
> b)     Defendants' failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect such information;
>
> c)     Defendants' delay in notifying Plaintiff and Class members about the breach for more than a month; and
>
> d)     Defendants' failure to take immediate and effective action to protect Plaintiff and Class members from potential and foreseeable damage.

62.     Defendants' wrongful actions constitute negligence.

63.     When Defendants gathered and transmitted consumers' personal information, they came into the possession, custody and control of this sensitive information and as such, were and continue to be in confidential, special and fiduciary relationships with Plaintiff and Class members.  At the very least, Defendants had a duty to monitor and safeguard such information to keep it private and secure, including a duty to ensure that Defendants complied with applicable PCI data security standards, statutes and regulations.

64.     Defendants knew, or should have known, that their network for processing and storing consumers' personal information had security vulnerabilities.  Defendants were negligent in continuing to process such information in light of those vulnerabilities and the sensitivity of the information.

65.     The breach was a direct and proximate result of Defendants' failure to use reasonable care to ensure that they maintained appropriate security procedures reasonably designed to protect Plaintiff's and Class members' personal information. Defendants' wrongful conduct constitutes negligence.

66.     Plaintiff and Class members have not in any way contributed to the security breach or the compromise or theft of their personal information.

## COUNT IV
## NEGLIGENCE PER SE

67.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

68.     Pursuant to the Gramm-Leach-Bliley Act (the "Act"), 15 U.S.C. § 6801, Defendants had a duty to protect and keep consumers' personal information secure, private and confidential.

69.     Defendants violated the Act by not adequately safeguarding Plaintiff's and Class members' Sensitive Personal Information; and monitoring and ensuring that Defendants complied with PCI data security standards, card association standards, statutes and/or regulations designed to protect such information.

70.     Defendants also failed to comply with PCI data security standards, statutes and regulations prohibiting the storage of unprotected personal information.

71.     Defendants' failure to comply with the Act, industry standards and/or regulations constitutes negligence per se.

<u>COUNT V</u>
<u>BREACH OF CONTRACT</u>

72.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

73.     Plaintiff and Class members were parties to actual or implied contracts with Defendants that required Defendants to properly safeguard their personal information from theft, compromise and unauthorized disclosure.

74.     Additionally, Plaintiff and Class members were third party beneficiaries to contracts and agreements by and between Defendants and other institutions and networks.  These agreements required Defendants to properly

safeguard personal information from theft, compromise and unauthorized disclosure.

75.      Defendants breached their agreements with Plaintiff and Class members by failing to properly safeguard personal information from theft, compromise and unauthorized disclosure. Defendants' wrongful conduct constitutes breach of contract.

COUNT VI
BAILMENT

76.      Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

77.      Plaintiff's and Class members' personal information is their personal property, which they delivered to Defendants for the sole and specific purpose of compiling and transmitting credit information.

78.      Defendants accepted Plaintiff's and Class members' personal information.  As a bailee, Defendants owed a duty to Plaintiff and Class members and, in fact, had an express and implied contract with them, to properly protect their personal information from theft, compromise and unauthorized disclosure.

79.      Defendants breached their duty and express and implied contracts with Plaintiff and Class members by, *inter alia*, improperly storing and inadequately protecting their personal information from theft, compromise and unauthorized disclosure, which directly and proximately caused Plaintiff and Class members to suffer damages.

80.     Defendants' wrongful actions constitute breaches of their duty to (and/or express and/or implied contracts with) Plaintiff and Class members arising from the bailment.

## REQUESTED RELIEF

81.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and Class members have sustained, and will continue to sustain, damages in the form of:

      a)  the unauthorized disclosure and compromise of their personal information;

      b)  monetary losses and damage to credit from fraudulent charges made on their accounts; and

      c)  the burden and expense of credit monitoring.

82.     Plaintiff and Class members' damages were reasonably foreseeable by Defendants.

83.     Plaintiff and Class members are entitled to equitable relief to prevent any additional harm including, but not limited to, provision of credit monitoring services for a period of time to be determined by the trier of fact.

84.     Plaintiff and Class members are entitled to recover their reasonable and necessary attorneys' fees, litigation expenses and court costs.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated Class members, respectfully requests that this Court:

a)  Certify this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, appoint Plaintiff as representative of the Class, and appoint Plaintiff's counsel as Class Counsel;

b)  Enter judgment in favor of Plaintiff and the Class against Defendants under the legal theories alleged herein;

c)  Award damages and equitable relief in an amount to be determined by the trier of fact;

d)  Award attorneys' fees, expenses and costs of suit;

e)  Award pre-judgment and post-judgment interest at the maximum rate allowed by law; and

f)  Such other and further relief as to this honorable Court may deem necessary, just and proper.

Date: September 14, 2017          Respectfully submitted,

Dianne M. Nast, Esquire (PA Atty. ID No. 24424)
Daniel N. Gallucci, Esquire
Joanne E. Matusko, Esquire
Joseph N. Roda, Esquire
NASTLAW, LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
Facsimile: (215) 923-9302
Email: dnast@nastlaw.com
dgallucci@nastlaw.com

jmatusko@nastlaw.com
jnroda@gmail.com


Attorneys for Plaintiff